IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONICA POMPEO,

    Plaintiff,

v.    No. 1:13-CV-00833 MCA/CG

BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO; CAROLINE HINKLEY,
in her individual capacity; and SUSAN DEVER,
in her individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion for Costs* submitted by Defendants Board of Regents of the University of New Mexico, Caroline Hinkley, and Susan Dever. [Doc. 59] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **GRANTS** Defendants' *Motion*.

I. **Background**

Plaintiff Monica Pompeo filed a complaint in July 2013 alleging violations of her First Amendment rights and seeking damages and declaratory relief. [Doc. 1] After Defendants removed the matter to this Court, she filed an amended complaint in November, 2013. [Doc. 11] This Court denied the *Defendants' Motion to Dismiss* [Doc. 27], but granted the *Defendants' Motion for Summary Judgment* on the grounds that 1) the law was not clearly established at the time and, therefore, Hinkley and Dever were entitled to qualified immunity, 2) the University of New Mexico was immune from suit

under the Eleventh Amendment, and 3) "[a] declaratory judgment is not available simply to proclaim liability for a past act." [Doc. 57 (internal quotation marks and citation omitted)] Plaintiff appealed to our Tenth Circuit, which affirmed in a published opinion issued on March 28, 2017. *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973 (10th Cir. 2017).

Defendants, as the prevailing party, now move the Court to order Plaintiff to pay their costs in the amount of $1,196.03. [Doc. 59] These costs were incurred for 1) the United States District Court filing fee and 2) transcripts for depositions of Hinkley and Dever. [Doc. 59]

## II. Discussion

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). While the decision to award or deny costs remains within the district court's discretion, Rule 54 creates a presumption that costs will be awarded, and "[t]hus the established rule is that costs are generally awarded to the prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Given this presumption, denial of costs to the prevailing party is a "severe penalty" which must be justified by "some apparent reason to penalize the party." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997).

The Tenth Circuit has explained that "a civil rights litigant should look to the general federal statutory entitlement for court costs under [28 U.S.C.] § 1920." *English v. Colorado Dept. of Corrs.,* 248 F.3d 1002, 1012 (10th Cir. 2001). That statutory

section allows for "[a] judge or clerk of any court of the United States [to] tax as costs . . . fees for exemplification and copies of papers necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(4) (listing fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees of the clerk" as allowable costs).

Local Rule 54 works in conjunction with Fed.R.Civ.P. 54, as well as § 1920, and reads as follows:

> A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The motion must comply with the requirements of D.N.M.LR-Civ. 7 and must include:
> - an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> - a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1. These requirements have been met by Defendants. [Doc. 59-1 to 59-2]

In *Callicrate v. Farmland Indus., Inc.*, the Tenth Circuit considered when an item is "necessarily obtained for use in the case[:]"

> "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.

139 F.3d 1336, 1340 (10th Cir. 1998) (internal citations omitted). Additionally, "it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred . . . ." *Id.*

It is the non-prevailing party's burden to demonstrate that the presumption in favor of costs should be overcome. *Rodriguez*, 360 F.3d at 1190. The award or denial of costs is within this Court's discretion. *Id.*

Although she acknowledges that Rule 54 creates a presumption in favor of awarding costs to the prevailing party, Plaintiff argues that costs should not be taxed because "Plaintiff's claims were of public importance and the issues in the case were close and complex." [Doc. 62, pg. 1] She points to Tenth Circuit case law stating that costs should be denied "when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *Bryant v. Sagamore Ins. Co.*, 618 F. App'x 423, 425 (10th Cir. 2015) (internal quotation marks and citation omitted). [Doc. 62, pg. 2] In this case, she contends, the fact that this Court relied on case law published during the pendency of the case demonstrates that the issues were "close and difficult." [Doc. 62, pg. 2] Indeed, the "intervening law change" here caused the Court to "reexamine its ruling on qualified immunity." [Doc. 62, pg. 2; Doc. 57, pg. 15]

While the Court agrees that this matter involves issues of importance, it finds that, on balance, such considerations do not outweigh the presumption that Defendants are entitled to costs. Nor is there any reason to penalize Defendants by denying their request. In addition, while the First Amendment and its protections are of public importance, this Court's summary judgment ruling, and the subsequent holding by the Tenth Circuit, turned on the issue of whether the law was settled in that area. Thus, the issue at the

heart of the rulings is substantially narrower than Plaintiff suggests.  Moreover, "a civil rights plaintiff is not entitled to heightened protection from taxation of costs pursuant to § 1920."  *English*, 248 F.3d at 1013.  Moreover, the amount requested is unlikely to have a "chilling effect" on future plaintiffs seeking to vindicate First Amendment rights.  *See U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000) (denying a motion for costs, in part because "there would be a significant 'chilling effect' on future relators if this [r]elator is assessed the more than $34,000 in costs . . . because they may be persuaded from bringing complex and expensive [False Claims Act] actions").  Finally, the amount at issue is relatively small ($1,193.03) and Plaintiff does not argue that she will suffer significant hardship if it is assessed.  *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (affirming the denial of costs because, inter alia, the plaintiffs' "resources [we]re limited" and "costs in this case [we]re extraordinarily high"); *Bryant*, 618 F. App'x at 426 (stating that "a court may consider indigent circumstances").

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** *Defendants' Motion for Cost*s [Doc. 59].

**SO ORDERED this 17th day of July, 2017.**

**M. CHRISTINA ARMIJO**
**Chief United States District Judge**